JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Arthur Wagner

**DEFENDANTS**
Lexis Nexis Risk Solutions, Inc

**(b)** County of Residence of First Listed Plaintiff: Northampton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Nancy Kanter, Esquire, Pine Street Legal, LLC, 19 S. Pine Street, Doylestown, PA 18901, (215) 345-9214

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**
*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. Section 1681, et seq
Brief description of cause:
inaccurate credit reporting & Impermissible purpose credit inquiries

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: June 4, 2020
SIGNATURE OF ATTORNEY OF RECORD: *Nancy Kanter*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 623 Wyandotte Street, Bethlehem, PA 18015

Address of Defendant: 1000 Alderman Dr., Alpharetta, GA 30005-4101

Place of Accident, Incident or Transaction: Pennsylvania

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 06/04/2020    *Nancy Kanter* (signature)    51256
                     Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify): 15 U.S.C. Section 1681, et seq

**B.  Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify): _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    (Please specify): _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Nancy Kanter, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 06/04/2020    *Nancy Kanter* (signature)    51256
                     Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

ARTHUR WAGNER                    :        CIVIL ACTION
                    v.           :
LEXIS NEXIS RISK SOLUTIONS, INC. :        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                     (X)

JUNE 4, 2020        NANCY KANTER              ARTHUR WAGNER
Date                Attorney-at-law            Attorney for PLAINTIFF

215 345 9214        215 345 9215              nkanter@pinestreetlegal.com
Telephone           FAX Number                E-Mail Address


(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ARTHUR WAGNER

    Plaintiff

Case No.

v.

LEXIS NEXIS RISK SOLUTIONS, INC.

Jury Demanded

    Defendant

## COMPLAINT

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Arthur Wagner (Plaintiff), against Lexis Nexis Risk Solutions, Inc. (Defendant) for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

2. This is an action for actual and punitive damages against Defendant for its negligent and willful mixing of Plaintiff's consumer report with another individual and for otherwise reporting inaccurate information on Plaintiff's consumer report. Despite Plaintiff disputing to Defendant, Defendant refuses to un-mix the two individuals credit files and refuses to otherwise report accurate information on Plaintiff's consumer report.

## THE PARTIES

3. Plaintiff is an adult individual residing in Bethlehem, PA. Plaintiff is a "consumer" as defined in Section 1681a(c) of the FCRA.

4. Defendant is a Minnesota corporation with its principal place of business in Alphanetta, Georgia. Defendant is a consumer reporting agency as defined by Section 1681a(f) of the FCRA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction pursuant to 15 U.S.C. §1681p.

6. Venue in this judicial district is proper because Defendant transacts business in this Judicial District, Plaintiff is a resident of this division of this Judicial District and the conduct complained of occurred, in whole or significant part, here in this Judicial District.

## FACTUAL ALLEGATIONS

7. Plaintiff decided in January, 2020 to shop around for homeowner's and auto insurance after seeing his premium cost with Westfield Insurance Company continue to rise for several years and in so doing sought quotes from Allstate Insurance Company and State Farm Mutual.

8. During that process, Plaintiff learned from an Allstate insurance agent that there was an insurance related claim from 2014 though Plaintiff had not submitted an insurance claim in 2014.

9. Not knowing where this false information came from, Plaintiff later discovered on his own that Defendant generates reports for insurance underwriting purposes. Feeling extremely upset and worried over the false insurance claim information that the Allstate agent believed to be his, Plaintiff requested that Defendant provide him with a copy of any report Defendant had generated about him.

10. Upon receipt of that credit report (dated February 16, 2020), Plaintiff saw that, *inter alia,* this report did, in fact, include insurance related information. In addition, Defendant was reporting Arthur R. Wagner, Jr. from Catasauqua, Pennsylvania among the names inaccurately listed all throughout his credit report. This credit report also had inaccurate birth dates, telephone numbers, addresses and social security number. Additionally, Defendant reported having a Permissible Purpose of Plaintiff having given his written consent for Defendant to pull his credit report fourteen times in 2019 though Plaintiff had no knowledge of having given such consent at any time.

11. Also included was an adverse driving history allegedly about Plaintiff, therein reporting false traffic violations and a false driver's license suspension despite that Plaintiff had an excellent driving record as verified by the Pennsylvania Department of Transportation, Bureau of Driver Licensing.

12. After having seen these false traffic violations and driver's license suspension on the credit report prepared by Defendant, Plaintiff was mortified, knowing this information along with all the other inaccuracies was disseminated to insurance agents following which he did not receive a quote lower than the yearly increasing amounts he had endured for the last several years.

13. Thereafter, Plaintiff contacted Defendant hoping they could assist him in getting this situation corrected by forwarding to Defendant a dispute letter listing 82 inaccuracies on the February 16, 2020 credit report.

14. In response, Plaintiff received correspondence from Defendant dated March 10, 2020 stating that they were unable to process his dispute letter and in order to do so, he would need to provide additional information on a LexisNexis Request Form provided by Defendant.

15. Plaintiff did, in fact, fill out that form. It included his legal name, date of birth, social security number, Driver's license number and address at the bottom of which he signed his name, dated on 3/25/2020 and included his telephone number, all of which identified Plaintiff and his personal information as Defendant required in order to process his dispute.

16. Following Plaintiff's dispute of Defendant's February 16, 2020 credit report and submission of the completed LexisNexis Additional Request Form, Plaintiff received a revised version from Defendant dated March 28, 2020.

17. While no longer reporting many of the issues Plaintiff previously disputed, Defendant did not state in the revised version whether that disputed false information had been deleted from all of

Defendant's databases and Plaintiff's credit files leaving Plaintiff worried that Defendant would continue to report inaccurate information about him.

18. In addition, that revised version reported a number of new inaccuracies much to Plaintiff's dismay and falsely included "Jr." to Plaintiff's name, email addresses that never belonged to Plaintiff, wrong addresses, listing as a permissible pull of Plaintiff's credit report on the basis of a credit application for which he never applied, reporting two property insurance claims submitted by Arthur Wagner, R. in Catasauqua, PA though Plaintiff has no "Jr." in his name, he has never lived in Catasauqua, PA and he did not submit two property insurance claims, all of which left Plaintiff feeling helpless and hopeless that Defendant will never generate accurate information about him but instead will continue to report someone else's credit information on his credit report and otherwise circulate inaccurate credit information about him.

## CLAIMS FOR RELIEF

### COUNT I
(Willful Violations of 15 U.S.C. § 1681n)

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. Defendant willfully failed to comply with the requirements imposed under the FCRA, including but not limited to:

    a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e;

    b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i; and

    c) failing to comply with the permissible purpose requirements in 15 U.S.C. §1681b.

21. As a result of Defendant's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including lost opportunity to receive credit, damage to reputation, invasion of

privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all to his damages in an amount to be determined by the jury.

22. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

23. Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. § 1681n(a).

## COUNT II
(Negligent Violations of 15 U.S.C. § 1681o)

24. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25. Defendant willfully failed to comply with the requirements imposed under the FCRA, including but not limited to:

    a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e;

    b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i; and

    c) failing to comply with the permissible purpose requirements in 15 U.S.C. §1681b.

26. As a result of Defendant's violations of the FCRA, plaintiff has suffered and continue to suffer damages, including lost opportunity to receive credit, damage to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all to his damages in an amount to be determined by the jury.

27. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

28. Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. § 1681o(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against defendants as follows:

1. On Plaintiffs' First Claim for Relief:

    a) Actual damages in an amount to be determined by the jury;

b) Punitive damages in an amount to be determined by the jury; and

c) Attorney fees and costs.

2. On Plaintiffs' Second Claim for Relief:

a) Actual damages in an amount to be determined by the jury; and

b) Attorney fees and costs.

Respectfully submitted:

**PINE STREET LEGAL, LLC**

BY: *Nancy Kanter*
NANCY KANTER, ESQUIRE
19 S. Pine Street
Doylestown, PA 18901
Ph: (215) 345-9214

Date: June 4, 2020